UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JAIME D. CHAVIRA,

    Petitioner,

vs.

BEN CURRY, Warden,

    Respondent.

No. C 08-5692 PJH (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND GRANTING CERTIFICATE OF APPEALABILITY**

This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner has not filed an optional traverse. For the reasons set out below, the petition is denied.

## BACKGROUND

Petitioner pleaded guilty to charges of inflicting corporal injury on a cohabitant, *see* Cal. Penal Code § 273.5(a), and stalking, *see id.* § 646.9(b)). Ex. C at 1.[1] He admitted that he personally inflicted great bodily injury, *see id.* § 12022.7(e). *Id.* He was sentenced to seven years and eight months in prison. *Id.* at 2. His conviction and sentence were affirmed on appeal by the California Court of Appeal, *id.*, and the California Supreme Court denied review, Ex. G.

///

///

---

[1] Citations to "Ex." are to the record lodged with the court by the Attorney General.

## STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. 322 at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

///

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000). Although both of petitioner's federal issues were raised on direct appeal, the only reasoned opinion, that of the California Court of Appeal, discusses only the state law basis for the claims. Ex. C. Because there is no state court reasoned opinion on the issues here, the court cannot defer to the rationale of the state court decision, but as required by the recent Supreme Court case of *Harrington v. Richter*, 131 S.Ct. 770 (2011), the court will afford the result the deference required by section 2254(d). *See id.* at 784.

## DISCUSSION

As grounds for habeas relief, petitioner asserts that: (1) His plea was not knowing and voluntary, in that it was unclear that he would not be eligible for probation; and (2) his due process rights were violated by the plea court's failure to establish on the record a factual basis for the "great bodily injury" enhancement.

**A.    Knowing and Voluntary Nature of Plea**

**1.    Background**

The California Court of Appeal set out the portions of the guilty plea that bear on the probation issue:

> The Court: And the Court understands that you plan to plead guilty today to a violation of Penal Code Section 273.5(A), a felony, on or about December 20th, 2005, to December 24, 2005, the crime of corporal injury on a spouse or cohabitant.
>
> And with respect to your plea-and that plea carries with it a possible sanction of two, three or four years in State Prison, or one year in County Jail if probation is granted. Is that your understanding?
>
> The Defendant: Yes.
>
> The Court: Court also understands that you plan to plead guilty to Count II, which is a violation of Penal Code Section 422, and that's on or about November 24th, 2005, the crime of criminal threats, a felony, when you made threats that had the potential of resulting in great bodily injury to Jane Doe.
>
> That Penal Code Section 422 carries with it possible sanctions of 16 months, two or three years in State Prison, or one year in County Jail if

3

1  probation is granted. Is that your understanding of that?

2  The Defendant: Yes.

3  ¶ ... ¶

4  The Court: With respect to the admission of the allegation under Penal Code Section 1203(E)(3), which, in that matter, is pursuant to, under Count I, that in the commission of the violation of Penal Code 273.5(A), that being Count I, that makes you ineligible for probation; do you understand that?

7  The Defendant: Yes, your Honor, I do.

8  ¶ ... ¶

9  The Court: With regard to the nature of the charges to which you plan to plead guilty, do you understand the nature of each of those offenses?

10  The Defendant: Yes, your Honor.

11  ¶ ... ¶

12  The Court: And Mr. Rankin [defense counsel], have you discussed with Mr. Chavira the elements of each of his offenses, his possible defenses, his constitutional rights, as well as the direct consequences related to pleading guilty?

15  Mr. Rankin: Yes.

16  ¶ ... ¶

17  Ms. Spaulding [the prosecutor]: I ask the Court to take notice of the preliminary hearing transcript.

18  The Court: Okay. And in terms of the preliminary hearing transcript, is that a fair statement of the facts on which you base your plea, Mr. Chavira?

20  The Defendant: Yes.

21  The Court: Before you plead guilty and make these admissions, there are certain rights you must understand and give up.

22  ¶ ... ¶

23  The Court: [D]o you understand each of those rights?

24  The Defendant: Yes, your Honor.

25  The Court: And do you give up each of those rights?

26  The Defendant: Excuse me?

27  The Court: Do you give up each of those rights?

28  The Defendant: Yes.

*United States District Court*
*For the Northern District of California*

¶ ... ¶

The Court: And with regard to your entry of these pleas of guilty, do you have any questions about what you are doing here today in that regard?

The Defendant: No, your Honor, no questions.

¶ ... ¶

The Court: The Court also has the attachment to the plea of guilty form for domestic violence cases, Mr. Chavira, and this is, again, numbered paragraphs which advise you that your plea of guilty to violation of Penal Code Section 273.5 has the maximum of two, three or four years State Prison and/or $6,000 fine. If probation is granted, a maximum of one year in County Jail.

It also discusses consequences related to a second offense and the minimum probation conditions that would be imposed if you are granted probation.

Along the left side of these enumerated points are blanks on which appear initials 'JDCH'; are those your initials?

The Defendant: Yes, your Honor.

¶ ... ¶

The Court: With respect to, pursuant to Penal Code Section 1203(E)(3), which makes you ineligible for probation, that allegation is based on the fact that you willfully inflicted great bodily injury or torture in carrying out this crime. Do you admit or deny that allegation?

The Defendant: Excuse me, your Honor?

The Court: Do you admit or deny that allegation?

The Defendant: I admit.

¶ ... ¶

The Court: [N]ow are you making your admissions and pleas of guilty freely and voluntarily because, in fact, you committed these offenses?

The Defendant: Yes, your Honor, I do. I believe it's the right thing to do and that's why I plead guilty.

The Court: Are you pleading guilty freely and voluntarily?

The Defendant: Yes.

The Court: And are you pleading guilty after having fully discussed these matters with your attorney?

The Defendant: Yes.

> The Court: Have you had adequate time to discuss all these matters with your attorney?
>
> The Defendant: Yes, we have.
>
> The Court: Mr. Rankin, do you believe you've had sufficient time to discuss all these matters with Mr. Chavira?
>
> Mr. Rankin: Yes, I do.
>
> The Court: The Court finds that there's a-based on the preliminary hearing-that there's a factual basis for the pleas; that the pleas, admissions and waivers are made knowingly, voluntarily, and intelligently, and these matters shall be made a part of the minutes of the Court's record....

Ex. C at 2-5.[2]

At the time of the plea, under "section 1203, subdivision (e)(3) [of the California Penal Code], defendants who willfully inflict great bodily injury in perpetrating their crimes are not eligible for probation '[e]xcept in unusual cases where the interests of justice would best be served' if probation were granted. (See also Cal. Rules of Court, rule 4.413 (rule 4.413) [criteria for deciding whether a case is "unusual"].)"[3] *Id.* at 1 n.2.

---

[2] The omissions of paragraphs indicated by "¶" are in the court of appeal's opinion.

[3] California Rule of Court 4.413:

Rule 4.413. Probation eligibility when probation is limited

(a) Consideration of eligibility
The court must determine whether the defendant is eligible for probation.

(b) Probation in unusual cases
If the defendant comes under a statutory provision prohibiting probation "except in unusual cases where the interests of justice would best be served," or a substantially equivalent provision, the court should apply the criteria in (c) to evaluate whether the statutory limitation on probation is overcome; and if it is, the court should then apply the criteria in rule 4.414 to decide whether to grant probation.

(c) Facts showing unusual case
The following facts may indicate the existence of an unusual case in which probation may be granted if otherwise appropriate:

(1) Facts relating to basis for limitation on probation
A fact or circumstance indicating that the basis for the statutory limitation on probation, although technically present, is not fully applicable to the case, including:

Importantly, after the plea had been accepted, defense counsel filed a sentencing memorandum arguing that this was an "unusual" case as defined in section 4.413 of the California Rules of Court and thus that petitioner should be given probation. *Id.* at 5. Counsel for petitioner subsequently declared a conflict. *Id.* The court appointed new counsel, who moved to withdraw the plea on the ground that the court's advisement regarding probation was inadequate. *Id.* at 5-6. The motion was supported by a declaration from petitioner in which he said that his language skills in English were inadequate, he did not understand the probation consequences of the plea, he was confused by the advisements, and that he would not have pleaded guilty had he known he could receive probation only "under certain limited conditions." *Id.* at 6.

The plea court granted the prosecution's motion to strike the declaration as hearsay and denied the motion to withdraw the plea. *Id.* at 7.

The California Court of Appeal did not discuss the federal claim. For purposes of

---

(A) The fact or circumstance giving rise to the limitation on probation is, in this case, substantially less serious than the circumstances typically present in other cases involving the same probation limitation, and the defendant has no recent record of committing similar crimes or crimes of violence; and

(B) The current offense is less serious than a prior felony conviction that is the cause of the limitation on probation, and the defendant has been free from incarceration and serious violation of the law for a substantial time before the current offense.

(2) Facts limiting defendant's culpability
A fact or circumstance not amounting to a defense, but reducing the defendant's culpability for the offense, including:

(A) The defendant participated in the crime under circumstances of great provocation, coercion, or duress not amounting to a defense, and the defendant has no recent record of committing crimes of violence;

(B) The crime was committed because of a mental condition not amounting to a defense, and there is a high likelihood that the defendant would respond favorably to mental health care and treatment that would be required as a condition of probation; and

(C) The defendant is youthful or aged, and has no significant record of prior criminal offenses.

1  deciding petitioner's state law claim that the plea court abused its discretion in denying his
2  motion to withdraw the plea, the court of appeal assumed without deciding that the plea
3  court should have informed petitioner that probation would be disfavored. *Id.* at 9.  It also
4  held that the plea court's ruling striking the declaration was erroneous under state law; that
5  the error was not of constitutional magnitude and so did not require application of the
6  federal harmless error standard; and that any error, actual or assumed, was harmless
7  because petitioner would not have declined to plead guilty had he been informed of his
8  presumptive ineligibility for probation.  *Id.* at 10-12.

### 2.  Standard

Due process requires that a guilty plea be both knowing and voluntary because it constitutes the waiver of three constitutional rights: the right to a jury trial, the right to confront one's accusers, and the privilege against self-incrimination. *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). A trial judge may not accept a defendant's guilty plea without creating a record affirmatively showing that the plea was knowing and voluntary: a silent record is invalid. *Id.* at 242.

As the Ninth Circuit points out in a recent opinion, a claim that a plea was involuntary or unintelligent – petitioner's claim here -- involves a different standard than a claim that counsel was ineffective in causing a defendant to accept a plea offer. *See United States v. Delgado-Ramos*, No. 09-50580, 2011 WL 1312778 at *1 (April 7, 2011).  Due process requires that the court taking the plea inform the defendant of the direct consequences of the plea, but not those that are collateral. *Id.* (citing *Torrey v. Estelle*, 842 F.2d 234, 235 (9th Cir. 1988)).  Because the standards are different for due process and ineffective assistance claims involving pleas, the United States Supreme Court's decision disavowing the distinction between direct and collateral consequences of a plea when considering an ineffective assistance claim, *Padilla v. Kentucky*, 130 S.Ct. 1473, 1481-83 (2010), did not overrule the traditional Ninth Circuit rule as to due process claims. *Delgado-Ramos*, 2011 WL at *3.  The due process standard remains that the defendant must be advised of the direct consequences of his plea. *Id.* at *1.

The United States Supreme Court has never held that ineligibility for probation is a direct consequence about which a court taking a plea must warn the defendant, but the Ninth Circuit has held that the distinction between a direct and collateral consequence of a plea turns on whether the result presents a definite, immediate and largely automatic effect on the range of the defendant's punishment, and that ineligibility for parole is a direct consequence. *See Torrey*, 842 F.2d at 236.

### 3. Analysis

Petitioner is correct that the court taking the plea was not as clear as it might have been. Petitioner's admission of the section 1203(e)(3) allegation that he inflicted great bodily injury made him ineligible for probation unless the court were to determine that this was an "unusual" case and that the interests of justice required probation, and the court never accurately explained how this provision would affect his sentence, instead simply saying that he would not be eligible for probation. What it did do, however, was tell him that he would be ineligible for probation at all – a more severe consequence of the plea than was actually the case – and make several references to conditions that would apply if he were to be granted probation – which in fact could have been granted under the statute. In short, most of the references to probation were accurate – such as that if he were granted probation he could still be required to serve up to one year in a county jail – and were appropriately given, because petitioner could have been granted probation. In fact, his lawyer argued for probation in his sentencing memorandum and at sentencing. Ex. A at 176-181; Ex. B at 34-37. And the inaccurate references, those that said he was not eligible for probation, described a more severe consequence than the law required, and thus could not have misled petitioner into entering the plea in the hope of leniency.

In the context of parole eligibility, which is very similar to probation, the Ninth Circuit has held that a judge's simple failure to inform about parole ineligibility is not enough to establish a due process violation; a petitioner raising the claim must allege and establish prejudice, i.e., that he would not have pled guilty had he known about his possible ineligibility for parole. *Wacht v. Cardwell*, 604 F.2d 1245, 1247 (9th Cir. 1979). Here, those

of the probation advisements that were erroneous were erroneous in a way that overstated the severity of the consequence of the plea, in that they said he would not be eligible at all, but those statements did not deter petitioner; it thus is clear that if correct statements had been given, they would not have caused him to change his mind. That is, there was no prejudice. This claim is without merit.

### B.     Factual Basis for Great Bodily Injury Enhancement

Petitioner's other contention is that the plea court failed to establish that there was a factual basis for the sentence enhancement given him for having inflicted great bodily injury, and that the failure to do so was a violation of his due process rights.

Although Rule 11 of the Federal Rules of Criminal Procedure and the state criminal procedure rules of many states, including California, require that a court taking a plea ensure there is a factual basis for it, *see e.g.* Fed. R.Crim.P. 11(b)(3); Cal. Penal Code § 1192.5, there is no such constitutional due process right that would be enforceable in federal habeas, absent the special circumstance of the defendant protesting his factual innocence, which was not the case here. *See Rodriguez v. Ricketts*, 777 F.2d 527, 528 (9th Cir. 1985); *see also Meyers v. Gillis,* 93 F.3d 1147, 1151 (3rd Cir.1996) ( "Put simply, the Due Process Clause of the Fourteenth Amendment to the United States Constitution does not require an on-the-record development of the factual basis supporting a guilty plea before entry of the plea, and the failure of a state court to elicit a factual basis before accepting a guilty plea does not in itself provide a ground for habeas corpus relief under 28 U.S.C. § 2254."); *Wallace v. Turner,* 695 F.2d 545, 548 (11th Cir.1982) ("Only when a defendant proclaims his innocence while pleading guilty have federal courts required a judicial finding of some factual basis for the plea as an essential part of the constitutionally required finding that the plea was voluntary."). This claim also is without merit.

### C.     Certificate of Appealability

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability in the ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. *See id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Jurists of reason could find the court's conclusion as to prejudice in the first issue debatable. A certificate of appealability will be granted as to that issue. Petitioner is advised that if he wishes to appeal he must file a notice appeal, even though the court will grant of a COA. *See* Rule 11(b), Rules Governing § 2254 Cases.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**. A Certificate of Appealability is **GRANTED** as to issue one. It is **DENIED** as to issue two.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 25, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.08\CHAVIRA5692.RUL.wpd